UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANGEL P. DOSS                                                                             PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:15-CV-570-CRS

DONNA BARTON BROTHERS, et al.                                DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on motion of the defendants, Donna Barton Brothers, *et al.*,[1] to dismiss Angel P. Doss' *pro se* complaint against them for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Three of the five defendants have received a copy of the summons and complaint. The remaining two defendants are unknown entities. To the extent that Doss served "NBC Universal" through an individual Jorge Mendez in the Comcast Building in New York, New York, and served "Santa Anita Park" via certified mail in Arcadia, California, as alleged in his response brief (DN 16-1, PageID # 88, Arcadia, California address found on first page of Complaint, DN 1, PageID# 1), the rulings herein apply equally to these entities.

misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*., at 557, 127 S.Ct. 1955 (bracket omitted).

As noted in *Coleman v. Indymac Venture, LLC,* 966 F.Supp.2d 759, 767 (W.D.Tenn. 2013), "*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." (c*iting Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). "Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure." *Coleman*, 966 F.Supp.2d at 767, *citing Brown v. Matauszak*, 415 Fed.Appx. 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.").

As federal courts are courts of limited jurisdiction, the court is tasked with ascertaining whether it has subject matter jurisdiction over the action. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

Doss has sued Donna Barton Brothers, NBC Universal, Wilma F. Lynch, Breeders' Cup Limited, and Santa Anita Park. The sole allegation referencing the five defendants appears in paragraph 11 in which he claims:[2]

> Without Plaintiff's knowledge, Defendant's (Number One, Number Two, Number Three, Number Four and Number Five), defendants agents and employees on November 7, 2009 from Santa Anita Park Arcadia, California, The contents of the affidavits defendant (Donna) had secured from a convicted criminal, which affidavits were false and untrue on their face. Such false and untrue affidavits

---

[2] Recited verbatim from the complaint. (DN 1, PageID# 3-4).

state that plaintiff, was 17year fugitive felon and probation violator, with an accompanying 17 year old speeding ticket.

Later in the complaint, Doss claims that "the affidavits were made to cause the public to lose confidence of Plaintiff." He alleges that "Because of the false and defamatory matters by defendant's, plaintiff has been injured in reputation with the public for integrity and moral conduct…" (DN 1, PageID# 4).

Nothing in the Complaint suggests the invocation of this court's federal question jurisdiction.[3] The complaint appears to allege, at best, defamation, a state law cause of action, which may only be brought before this court under our diversity jurisdiction.[4]

Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." In order to establish jurisdiction the plaintiff is required to plead the citizenship of the parties, and there must be complete diversity between all plaintiffs and all defendants. *See, Leys v. Lowe's Home Centers, Inc.*, 601 F.Supp.2d 908, 912-913 (W.D.Mich. 2009).

Plaintiff Doss is apparently a Kentucky citizen, as indicated on the face of his complaint. (DN 1, PageID# 1). Doss states in response to the motion to dismiss that he "lives elsewhere" than his Louisville, Kentucky mailing address which appears in the caption of the complaint and his other pleadings. He states that "I will prove that I have not been in Kentucky as you can see by my pattern of serving complaints to various courts, and enjoying my passion to dance Argentine Tango and yes to find work as an Electrical Engineer." (DN 16-1, PageID# 88-89).

---

[3] Original jurisdiction of civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

[4] The remaining allegations in the complaint recite various occurrences in 2014 including Doss' arrest, detention, and release. Doss does not identify any purported wrongful conduct by any defendant in 2014.

3

While out-of-state travel may very well be required for dancing engagements and employment opportunities, the citizenship of the parties to this litigation is what is of concern to this court in assessing jurisdiction.

Doss has stated that "This is a civil action for $12 million," thus alleging an amount in controversy exceeding the court's jurisdictional threshold. He does not explicitly plead diverse citizenship.[5] However, liberally construing the *pro* se allegations. the court can glean from the case caption and paragraphs 3 through 7 that Doss, residing in Louisville, is a citizen of Kentucky, as are defendants Donna Barton Brothers and Wilma F. Lynch who reside in Louisville and Lexington respectively, and Breeder's Cup Limited, a New York corporation with its principal place of business in Lexington, Kentucky. Thus Doss has failed to establish that this court has subject matter jurisdiction over this action. Alternatively, as Doss has urged in his opposition to the motion to dismiss that he "lives elsewhere," but has failed to specify his citizenship (other than that he is a "dual citizen" of the United States and Panama) in the complaint or reference any particular citizenship in his brief, he has failed to meet his burden to establish diversity jurisdiction over this matter. Dismissal is warranted under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

Additionally, the complaint fails to state a claim upon which relief can be granted as the sole claim urged against the defendants therein, defamation which allegedly occurred on November 7, 2009 (DN 1, PageID# 3), is barred by the applicable one-year statute of limitations for this cause of action, KRS 413.140(1)(d). The statute of limitations for defamation claims begins to run when the defamatory statements were made. *Business Payment Systems, LLC v. National Processing Co.,* 2012 WL 6020400 (W.D.Ky. Dec. 3, 2012), *citing Lashlee v. Sumner*,

---

[5] Doss recites at paragraph 8 that this court has jurisdiction pursuant to "L.R. 8(a) F.R.Cv.P." Whether Doss intends to cite to the court's joint local rules ("L.R.") or to the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), neither provides a ground for jurisdiction.

570 F.2d 107, 109-110 (6th Cir. 1978); *Bliefeld v. Haines*, 192 F.App'x 516, 519 (6th Cir. 2006). As the defamation is alleged to have occurred in 2009 and the complaint was not filed until June of 2015, the claim is clearly time-barred.  Doss therefore has failed to state a claim upon which relief can be granted.

Additionally, we note that Doss' complaint fails to meet the *Twombly/Iqbal* standard for stating a viable claim.  The complaint must contain sufficient facts to state a claim for relief which is plausible on its face.  This assessment is most difficult in reviewing a *pro se* pleading. In this case, however, Doss' allegations do not come close to meeting the standard for an articulable claim.  Defamation under Kentucky law requires allegations of a defamatory statement about the plaintiff which is published and which causes injury to the plaintiff's reputation.  *CMI, Inc. v. Intoximeters, Inc.*, 918 F.Supp. 1068, 1083 (W.D.Ky. 1995).  Doss has not alleged any defamatory statement, publication of that statement, or the manner of injury to his reputation purportedly caused by that statement.  Conclusory allegations unsupported by any facts are wholly insufficient under *Twombly/Iqbal*.  Doss has therefore failed to state a claim upon which relief can be granted on this additional basis.. Dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is warranted.

Finally, the complaint fails to allege any facts whatsoever which would permit this court to exercise personal jurisdiction over NBC Universal, alleged to be "a broadcast company that does business in New York and all over the world," or Santa Anita Park, alleged to "do business in Arcadia, California," to the extent that these entities are subject to suit.  The complaint does not contain any allegations that these entities had contacts with Kentucky, much less the significant contacts required for the exercise of personal jurisdiction under the Kentucky long-

arm statute. The complaint must be dismissed as against these entities on the additional ground of lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).

Therefore, for the reasons set forth herein, the motion to dismiss filed by defendants Donna Barton-Brothers, *et al*. (DN 12) will be granted and the complaint will be dismissed by separate order.

October 28, 2015

**IT IS SO ORDERED.**

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, pro se
    Counsel of Record

6